```
 1
 2
 3
 4                      UNITED STATES DISTRICT COURT
 5                     EASTERN DISTRICT OF WASHINGTON
 6   ANNIE J. WILLIAMS,              )
                                     ) No. CV-08-00237-JPH
 7         Plaintiff,                )
                                     ) ORDER GRANTING DEFENDANT'S
 8   v.                              ) MOTION FOR SUMMARY JUDGMENT
                                     )
 9   MICHAEL J. ASTRUE, Commissioner )
     of Social Security,             )
10                                   )
           Defendant.                )
11                                   )
                                     )
12   _____  )
```

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on February 27, 2009. (Ct. Rec. 12, 14). Attorney Rebecca M. Coufal represents Plaintiff; Special Assistant United States Attorney Terrye Shea represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 14) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 12.)

**JURISDICTION**

Plaintiff filed an application for disability insurance benefits (DIB) on February 4, 2004, alleging onset as of February 23, 2001. (Tr. 194-196.) The application was denied initially and on reconsideration. (Tr. 33, 34.)

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                          - 1 -

Three hearings have been held in this case, all before the same Administrative Law Judge (ALJ), R. J. Payne. At the first hearing on February 3, 2006, plaintiff, represented by counsel, and medical expert Robert Burdick, M. D., testified. (Tr. 95-146.) On April 17, 2006, the ALJ issued a partially favorable decision, finding plaintiff's cardiovascular condition met Listing 4.04 (c)(1) and (2) for the closed period of February 23, 2001, through March 31, 2002. (Tr. 35-52.) The Appeals Council remanded for further hearing and a second hearing was held May 17, 2007. (Tr. 659-703.) This hearing was limited to the period between April 1, 2002 and the last insured date, March 31, 2005; medical expert Arthur B. Craig, M.D., and plaintiff's spouse testified. After appeal the Appeals Council again remanded, directing the ALJ to obtain a vocational expert's opinion.

At the third hearing on February 28, 2008, VE Deborah LaPoint testified. (Tr. 641-656.) On March 6, 2008, the ALJ issued the current decision finding that plaintiff was not disabled. (Tr. 18-29.) The Appeals Council denied a request for review on July 2, 2008. (Tr. 10-13.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on July 23, 2008. (Ct. Rec. 1.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decisions, the briefs of both Plaintiff and the Commissioner, and are summarized here.

Plaintiff was 48 years old at the beginning of the relevant

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2 -

time frame, April 1, 2002 through March 31, 2005. (Tr. 194.) She has a ninth grade education. (Tr. 124, 222.) Plaintiff has past work as a home health care worker, janitor, and nurse's aide. (Tr. 120, 130-133.) She alleged disability onset as of February 23, 2001, initially due to chest pain, shortness of breath, and numbness in her arm and hand. (Tr. 216.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines

whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

*Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be

upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At the outset, the ALJ found plaintiff met the DIB requirements through March 31, 2005. (Tr. 20.) The ALJ found at step one that although plaintiff has worked since onset, her earnings have been below substantial gainful activity. (Tr. 20.) At steps two and three, the ALJ found that plaintiff suffers from chronic left shoulder impingement; coronary artery disease, asymptomatic; and diabetes mellitus, impairments that are severe

but which do not alone or combination meet or medically equal a
Listing impairment. (Tr. 21, 23.) The ALJ did not find that
anxiety or mild to moderate obesity are severe impairments. The
ALJ found plaintiff less than completely credible. (Tr. 25-27.)
At step four, relying on the VE, the ALJ found plaintiff's RFC for
a wide range of light work prevents performing her past relevant
work. (Tr. 27-28.) At step five, again relying on the vocational
expert, the ALJ found there are other light unskilled jobs
plaintiff could perform, including companion, cashier and ticket
seller. (Tr. 28.) Accordingly, the ALJ found that plaintiff is
not disabled as defined by the Social Security Act. (Tr. 29.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of
law by failing to properly weigh the medical evidence, plaintiff's
credibility, and lay witness testimony. (Ct. Rec. 13 at 7-13.)
The Commissioner responds that the ALJ appropriately weighed the
evidence and asks the Court to affirm his decision. (Ct. Rec.
19).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the
existence of a physical or mental impairment by providing medical
evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908. The effects of all symptoms must be
evaluated on the basis of a medically determinable impairment
which can be shown to be the cause of the symptoms. 20 C.F.R. §
416.929. Once medical evidence of an underlying impairment has

been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th

1  Cir. 1995).

2  <u>Dr. Schaaf's opinion</u>

3  Plaintiff contends that the ALJ failed to properly credit
4  treating physician Dr. Schaaf's opinion that plaintiff is limited
5  to standing and walking for 20 minutes. (Ct. Rec. 13 at 9-10, 13.)
6  The ALJ gave little weight to Dr. Schaaf's opinion because: (1) a
7  review of the record reveals she recommended no restrictions; (2)
8  despite claims of disabling impairment, plaintiff's treatment
9  (including that provided by Dr. Schaaf) "has been essentially
10 routine and/or conservative in nature"; and (3) the opinion of the
11 testifying expert, Arthur Carig, M.D., is given significant weight
12 because it is consistent with and supported by the bulk of the
13 medical evidence. (Tr. 25-26.)

14 On December 23, 2005, Dr. Schaaf wrote a letter at
15 plaintiff's request in support of her application for benefits.
16 (Tr. 460.) Dr. Schaaf noted plaintiff's left shoulder operation
17 in October of 2004; the diagnosis of coronary artery disease since
18 2001, when a stent was placed; the history of high blood pressure
19 and diabetes, intermittent painful swelling of the legs, obesity,
20 and the inability to stand more than 30 minutes. (Tr. 460.) Dr.
21 Schaaf did not opine plaintiff is unable to work.

22 After reviewing the record, medical expert Dr. Craig
23 testified that plaintiff is able to perform a range of light work.
24 He opined that plaintiff's cardiac disease has bee asymptomatic
25 since 2001, as shown by several EKG's. (Tr. 664.) He noted the
26 record shows plaintiff has experienced no serious complications
27 from diabetes, despite poor control. (Tr. 665.)

28 To further aid in weighing the conflicting medical evidence,

the ALJ evaluated plaintiff's credibility and found her less than fully credible. (Tr. 25-27.) Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility: plaintiff's "routine and/or conservative treatment"; the lack of limitations assessed by a treating physician; failure to follow recommended courses of treatment, including medication compliance; activities inconsistent with the degree of impairment alleged, and the ability to perform some work during the applicable period. (Tr. 20, 25-27.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 10 -

1   As noted by Dr. Craig, plaintiff's coronary artery disease
2 has been asymptomatic since placement of the stent in 2001, well
3 before the relevant time frame began on April 1, 2002. (Tr. 664.)
4 The left shoulder operation in October of 2004 revealed no rotator
5 cuff tear; instead some spurring was co-planed. (Tr. 461, 479.)
6 Dr. Craig testified the medical record was not complete enough to
7 determine whether any left shoulder restrictions are continuous or
8 intermittent. (Tr. 663.) Plaintiff's diabetes is described as
9 uncontrolled throughout the record: "poor diet for diabetes"
10 (February 15, 2001, Tr. 353); mismanaging diabetes for a long time
11 (February 24, 2001, Tr. 276); stopped taking glucophage (April 26,
12 2001, Tr. 360); uncontrolled diabetes (November 1, 2004, Tr. 430);
13 uncontrolled diabetes (August 24, 2006); and diabetes in poor
14 control (November 27, 2006, Tr. 518.)

15   The ALJ points out plaintiff's testimony that during the
16 relevant period she felt she could handle working about 20 hours a
17 month as a home health care worker but they did not have enough
18 clients for everybody. (Tr. 26, referring to Tr. 123.) Plaintiff
19 felt she could not work full-time during this period because she
20 had problems squatting and several episodes of chest pain that
21 were taken care of after she took pills. (Tr. 125-127.)  The ALJ
22 notes during the relevant period plaintiff

> could sit for about 1 hour and lift about 20 to 30
> pounds (she reported she had a client that weighed about
> 150 pounds and she would "lift on her a lot" (as in
> leverage)). She stated that on an average day, she
> would get up, get her husband off to work and her
> daughter off to school. She would do all of the
> housework, cook the meals, did the laundry and
> shampooed the carpets. She would read for about one or
> two hours and was able to crochet for about an hour.
> She even testified that prior to January of 2005 she
> could do the laundry, clean her bedroom and run the
> vacuum cleaner in the living room and she was able to

```
                work for about 45 minutes at a time up to 5 or 6 hours
                total.  Therefore, during the relevant period it appears
                that her activities reflect an ability to do light level
                work.  She even testified that her condition did not
                significantly worsen until January of 2005.
```
(Tr. 26.)

The ALJ also observes that plaintiff has earnings for the relevant years: $4,873 for 2002; $3,613 for 2003, and $1,057 for 2004. (Tr. 20.)

To the extent the ALJ rejected Dr. Schaaf's opinion, his reasons are legitimate, specific, and supported by substantial evidence in the record. *See Lester v. Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995)(holding that the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's contradicted opinion).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).  Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  The court has a limited role in

determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405 (g).

Plaintiff argues the ALJ erred by failing to find obesity and anxiety severe impairments.  (Ct. Rec. 13 at 7-8.)

The ALJ's determination that plaintiff's obesity and anxiety are non-severe (i.e., cause no more than a slight abnormality that would have no more than a minimal effect on his ability to work) is fully supported by the medical and other evidence. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Dr. Craig's assessed RFC for a range of light work is supported by the record as a whole.  (Tr. 22-23.) Plaintiff testified that she began taking medication for anxiety in 2004 or 2005 and has had no mental health counseling.  (Tr. 672-673.)  No professional has opined that plaintiff is any way limited by anxiety, a fact underscored by plaintiff actually working (though at less than SGA levels) during the relevant period.  The ALJ properly rejected obesity and anxiety as severe impairments because the record shows they have not been disabling.

The ALJ provided clear and convincing reasons supported by the record for finding plaintiff's allegations not fully credible. The ALJ weighed the medical evidence and failed to adopt some of the opinions of Dr. Schaaf.  Instead, the ALJ relied on the opinions of other treating and consulting physicians, and the objective test results on which they relied, and on his assessment of plaintiff's credibility.  The ALJ gave specific and legitimate reasons, supported by substantial evidence, for rejecting some

of the assessed limitations. The ALJ's assessment of the medical evidence and of plaintiff's credibility is supported by the record and free of legal error.

**B.  Lay testimony**

Plaintiff contends the ALJ failed to properly weigh the lay witness testimony of plaintiff's spouse, daughter and sister. (Ct. Rec. 13 at 12-13.) Plaintiff claims the ALJ's reasons if affirmed would result in all lay testimony being rejected.

The ALJ must take into account lay witness testimony, unless he or she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ may reject lay testimony which conflicts with medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th cir. 2005).

The ALJ describes his most significant reason for giving plaintiff's spouse's statement little weight:

> Most importantly, significant weight cannot be given to the testimony because it, like the claimant's testimony, is simply not consistent with the claimant's activities and preponderance of the opinions and observations by medical doctors in this case.

(Tr. 27.)

The ALJ rejected the lay testimony of plaintiff's sister and daughter because they were completed well after plaintiff's insured status expired, the statements are hearsay, and the statements appear to echo plaintiff's own rejected alleged limitations. (Tr. 27.) While hearsay may be an improper basis on which to reject lay testimony, which often takes this from, the ALJ's other two reasons are germane. The ALJ properly weighed the lay witness testimony.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 2nd day of March, 2009.

<u>s/ James P. Hutton</u>
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE